[Civ. No. 636.   Fourth Appellate District.—December 2, 1932.]

SOUTHWESTERN CREDITORS ASSOCIATION (a Corporation), Respondent, v. STANLEY W. GARVEY, Appellant.

James A. Hall for Appellant.

Raymond B. Wells, Paul S. Crouch and Charles D. Warner for Respondent.

AMES, J., *pro tem.*—This action was brought for the purpose of recovering on two trade acceptances or bills of exchange. The complaint contains two causes of action, the first one of which alleges the execution of a trade acceptance by B. Hayman Company, Inc., drawn upon itself, in the sum of $1,028.65, dated March 13, 1930, and payable August 1, 1930, to the order of the drawer and which was accepted by the defendant on the eighteenth day of March, 1930. It then alleges "that said trade acceptance rose out of the purchase of goods, wares and merchandise by said defendant from said B. Hayman Company, Inc.", and that no part of the sum of $1,028.65 has been paid except the sum of $528.65, which was paid thereon on the twentieth day of November, 1930. The complaint then alleges that B. Hayman Company, Inc., for a valuable consideration, assigned, transferred and set over all its right, title and interest in and to said trade acceptance to the plaintiff.

The second cause of action is similar in form to the first and is based upon a trade acceptance in the sum of $924.38 drawn by B. Hayman Company, Inc., upon itself, payable on the twenty-sixth day of October, 1930, and accepted by defendant on the twenty-ninth day of May, 1930, upon which nothing has been paid. In his answer defendant does not deny the execution of the instruments sued on or their acceptance by him and admits his indebtedness on the first cause of action in the sum of $500, and further pleads as an affirmative defense an agreement in which he alleges that plaintiff's assignor failed to perform certain conditions of a contract of conditional sale, under the terms of which he alleges he purchased a certain tractor. Whether or not the tractor is the "goods, wares and merchandise" referred to in the complaint does not appear. In the complaint the instruments sued on are not set out *in haec verba,*

but the legal effect is pleaded. From the recitals of the judgment it appears that written findings of fact were orally waived in open court and judgment was rendered in favor of the plaintiff on both causes of action. The judgment awarded plaintiff the sum of $1534.68 as principal and $110.30 interest, together with costs amounting to the sum of $16. Following the designation of that amount the words "amended to $30.50" appear in parentheses. From such judgment defendant appeals.

The appeal purports to have been taken under the so-called alternative method, but no transcript of the testimony has been furnished. The reporter's transcript contains copies of two instruments designated "Plaintiff's Exhibit 1" and "Plaintiff's Exhibit 2", respectively, in the form of trade acceptances or bills of exchange. These purported copies are merely inserted in the reporter's transcript without any supporting testimony or any evidence whatever although it appears from the clerk's transcript that, at the trial, witnesses for both parties, including the defendant himself, were sworn and testified. Upon the meager facts presented by this record we are asked to reverse the judgment of the trial court.

The first point made by appellant is that the court had no authority to amend the judgment, taxing the costs at the sum of $30.50 instead of the sum of $16. The only evidence in the record of any such amendment appears from the judgment itself, above set forth. We are not furnished with a copy of the memorandum of the costs and disbursements or any order of the court taxing the costs and while it is intimated in the briefs of counsel that this amendment, if it is an amendment, was made by stipulation, we are not furnished with a copy of the stipulation and the record does not disclose when, how and in what manner; if any, the same was made. In the absence of all evidence in the record, we will presume that the costs were legally and regularly taxed within the time prescribed by law.

The next point presented by the appellant is that the amount of interest awarded in the judgment is excessive. This point is too trivial to deserve much attention from this court. Suffice it to say, however, that the computation of the interest, based upon the allegations of the complaint, is not excessive.

■ It is next urged by appellant that the instrument sued on in the second cause of action is incomplete because it was not indorsed by the drawer, as required by section 3265 of the Civil Code, having been drawn to his order. In the absence of evidence to the contrary, we will presume that the evidence was sufficient to support the implied finding that it was transferred to plaintiff.

■ Lastly, the defendant urges that the court erred in denying his motion for a continuance. No proceedings with respect to any such motion appear in the record before us, except a copy of a purported affidavit for a continuance made by defendant which is incorporated in the record, and a copy of the minute order of the court denying such motion. Assuming that this affidavit of defendant is the affidavit upon which such motion was based, it is wholly insufficient, in failing to show diligence in ascertaining the whereabouts of an absent witness. The affidavit alleges that defendant had been unable to serve a subpoena upon W. R. Black for the reason that he has been unable to learn the address of said Black, he being a nonresident of the state and residing at Caldwell, Arkansas. He further alleges that he has "used due diligence to ascertain the whereabouts and address of said W. R. Black, but has been unable to do so until the 21st day of September, 1931". He further alleges that he did not know that Black was a nonresident of the state until July "and immediately entered an investigation to find out where the said Black resided and in doing so his letters were returned 'uncalled for', until the 21st day of September, 1931, when defendant received a letter from said Black". The affidavit does not disclose to whom such letters were addressed nor when nor why they were written, nor does it show of what the "investigation" otherwise consisted. Motions for continuance of trials are directed largely to the discretion of the trial court and in the absence of an abuse of such discretion its order will not be disturbed. We find no such abuse of the court's discretion in this case.

The judgment appealed from is affirmed.

Barnard, P. J., and Marks, J., concurred.